```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RHODA KANTER, | HON. JEROME B. SIMANDLE |
|         Plaintiff, | Civil No. 04-5542 (JBS) |
| v. | **OPINION** |
| HANS M. BARELLA, <u>et</u> <u>al.</u>, | |
|         Defendants. | |

APPEARANCES:

Deborah M. Gross, Esq.
Tina Moukoulis, Esq.
LAW OFFICES OF BERNARD M. GROSS, P.C.
John Wanamaker Building
Suite 540
Juniper and Market Streets
Philadelphia, PA 19107
    Attorneys for Plaintiff

Robert Goodman, Esq.
Marc J. Gross, Esq.
GREENBAUM, ROWE, SMITH & DAVIS LLP
6 Becker Farm Road
Roseland, NJ 07068
    -and-
Neal R. Marder, Esq.
David M. Hickey, Esq.
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
    Attorneys for Defendant MedQuist Inc.

Jeffrey W. Lorell, Esq.
Jeffrey Soos, Esq.
SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
One Gateway Center, 13th Floor
Newark, NJ 07102
    -and-
Randall W. Bodner, Esq.
Carisa A. Klemeyer, Esq.
ROPES & GRAY LLP
One International Place
Boston, MA 02110
    Attorneys for Defendants Stowe, Ruttenberg and Underwood

Michael R. Griffinger, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECHIONE
One Riverfront Plaza
Newark, NJ 07102
    -and-
Garrard R. Beeney, Esq.
Brian T. Frawley, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
    Attorneys for Defendants Barella, Chew, Curran, Rusckowski, Weisenhoff, Westerink, Hommen and Koninklijke Philips Electronics N.V.

**SIMANDLE**, U.S. District Judge:

By Opinion and Order dated September 21, 2005, this Court dismissed with prejudice Plaintiff's Rule 23.1 shareholder derivative action for failure to plead with the requisite particularity.  Plaintiff subsequently filed this motion under L. Civ. R. 7.1(i), seeking reconsideration only of that portion of the Court's holding denying Plaintiff's complaint with prejudice.

Motions for reconsideration under Rule 7.1(i) will only be granted where certain facts or legal authority were presented but overlooked by the Court.  To date, Plaintiff has not proffered a proposed amended complaint[1] or otherwise proffered any facts in

---

[1] The Court does not mean to suggest that Plaintiff was required to submit a proposed amended complaint together with this motion.  L. Civ. R. 7.1(f), in connection with motions regarding proposed amendments to pleadings, states that "the moving party shall attach to the motion a copy of the proposed pleading or amendments . . . ."  The purpose of L. Civ. R. 7.1(f) is to enable the movant to identify with precision the proposed manner in which the pleading is sought to be amended.  Although L. Civ. R. 7.1(f) applies by its terms only to motions to amend

addition to those contained in the original complaint. Nonetheless, the Court carefully considered and analyzed all facts and legal authority that Plaintiff did present, and concludes there is no basis upon which to grant this motion for reconsideration.  Plaintiff's motion will be denied.

I.   **STANDARD OF REVIEW**

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v.

---

pleadings, and not to oppositions to dismissal motions, it is instructive of the premium placed on identifying proposed curative amendments to a vague pleading with some of the requisite specificity.

Here, Plaintiff never specified, in the opposition to Defendants' underlying motions to dismiss nor in this motion for reconsideration, what the contours of any proposed amendment might be to cure the defects argued by the Defendants. Plaintiff's failure to provide the Court with a proposed amended pleading highlights her apparent inability to cure the deficiencies contained in the original complaint.  See In re PHP Healthcare Corp., 2005 U.S. App. LEXIS, at *21 (3d Cir. March 3, 2005).

Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

A "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 856-67 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly.  Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993).

## II. DISCUSSION

Plaintiff argues that the Court should have dismissed her claims without prejudice so as to allow her an opportunity to amend the Complaint.[2] (Pl. Br. at 2.)  As the following exchange

---

[2] The Court disagrees with Plaintiff's assertion that the September 21, 2005 Opinion is "silent on [the] issue" of whether the Complaint should have been dismissed with prejudice.  (Pl. Reply Br. at 1.)  In fact, the Court noted in the first paragraph of its Opinion that the Complaint would be dismissed with prejudice.  That the Court did not explain that holding should not suggest to Plaintiff that the Court overlooked her request for leave to amend.  Indeed, the Court considered the limited statements made by Plaintiff's counsel both in her written submissions and at oral argument.  In light of counsel's failure to provide the Court with any basis upon which to grant leave to amend, however, the Court concluded that no discussion of that portion of its holding was warranted.  Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000) ("Not providing a justification for a denial of leave to amend . . . does not automatically constitute an abuse of discretion as long as the court's rationale is readily apparent from the record on appeal.").  Any question as to the rationale underlying the Court's decision will hopefully be resolved by this writing.

4

at the close of counsel's oral presentation at the August 10, 2005 hearing illustrates, however, leave to amend was not warranted:

> THE COURT: One other question for Ms. Gross. Do you agree that if there's a dismissal on the ground of Rule 23.1, that that should be with prejudice under existing law?
>
> MS. GROSS: No, we would like an opportunity to amend the complaint. We have only – this complaint was filed and we would like an opportunity to amend.
>
> THE COURT: Are you able to proffer that you have sufficient information to cure at least what the defendants perceive as the shortcomings of the complaint?
>
> MS. GROSS: I've – I believe that our complaint is adequate, but I've heard their arguments. And based on their arguments here, I believe that we have additional information or additional specifics that could cure some of their concerns with respect to the complaint.
>
> THE COURT: Certainly one of the major concerns is the lack of specificity about what the specific directors did, what did they know, what action did they take or fail to take. Do you have that sort of information if given the opportunity to amend?[3]
>
> MS. GROSS: I believe that there – not all of that information but some of that information, yes, your Honor. I do not have, for example, the information as to when this scheme started.

---

[3] In the copy of the transcript originally provided to counsel, "opportunity" was mistakenly replaced by "information." Corrected copies of this portion of the transcript have been sent to counsel by the Court Reporter.

```
THE COURT:      Well, if you were making your best argument
                for why this isn't just a breach of due care
                case and why it's already pled in the realm
                of the specific breach of the director's
                duties as evidenced by self-dealing or by
                knowingly participating in the fraud, what
                would it be?  How would you stitch that
                together?  What's in the complaint in order
                to meet that sort of standard?

MS. GROSS:      We would also – we would be more specific as
                to their breach of their duty of loyalty to
                MedQuist and their being – I would be more
                specific with respect to the allegation of
                their being – the director being beholden to
                Philips and the connection with Philips and
                MedQuist and what Philips would get out of
                it.
```

(Def. MedQuist Ex. A, August 10, 2005 Tr. at 71:19-73:4.)

Contrary to Plaintiff's contention, the foregoing exchange demonstrates that (1) the Court did consider Plaintiff's request for leave to amend; and (2) the Court did not overlook any factual allegations in dismissing the Complaint with prejudice. Indeed, the Court considered Plaintiff's representations but recognized that counsel's request was based on nothing more than a belief that she possessed facts which could cure, at best, only some of the deficiencies in the Complaint.[4] When given the opportunity to proffer the more specific facts that were necessary to satisfy the requirements of Rule 23.1 for derivative actions, Plaintiff's counsel proffered nothing beyond the

---

[4] Once again, that the Court did not expressly state the rationale behind this portion of its holding does not mean that the Court did not carefully consider the reasons for its decision.

generalities already pleaded in the Complaint and examined by the Court.  For example, to proffer that directors were beholden to Philips or that Philips would gain from a breach of MedQuist's directors' duties, as suggested at oral argument (Tr. at 71:19-73:4, supra,) added nothing to what was already in the Complaint, considered by the Court, and found to be deficient under Rule 23.1.  By counsel's own admission, then, the proposed amendments would not have addressed the many shortcomings in her pleading.  And, it is well-settled that leave to amend will not be granted where the proposed amendments would be futile.  Lake, 232 F.3d at 373.

Similarly, the inadequacy of Plaintiff's written representations to the Court support the Court's decision to dismiss the Complaint with prejudice.  On the subject of amending the Complaint, Plaintiff offered nothing more than the following sentence at the conclusion of her 41-page written opposition: "Plaintiff Rhoda Kanter further respectfully requests leave to amend should the Court dismiss the Complaint in whole or in part."[5]  (Pl. Opp. Br. at 41.)  Without more, that statement does not justify giving Plaintiff an opportunity to amend her

---

[5] Similarly, in the final sentence of Plaintiff's 3-page memorandum in support of the instant motion, Plaintiff offers nothing more than the following: "If granted leave to amend, Plaintiff believes that she can sufficiently plead particularized facts in an amended complaint that will satisfy the federal pleading standards."  (Pl. Br. at 3.)

complaint.  Calderon v. Kansas Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1187 (10th Cir. 1999) ("[Plaintiff's] single sentence, lacking a statement for the grounds for amendment and dangling at the end of her memorandum, did not rise to the level of a motion for leave to amend.").

In Ramsgate Court Townhome Assoc. v. West Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002), the Third Circuit upheld the district court's refusal to grant leave to amend following dismissal of the complaint under Rule 12(b)(6).  In that case, the plaintiffs never filed a motion to amend and the district court was never provided with a proposed amended complaint.  In fact, like here, the plaintiffs there did nothing more than request, in the final sentence of their written opposition to the dismissal motion, that "in the event that the Court concludes that the Complaint fails to state claims upon which relief may be granted, . . . they be granted leave to amend the Complaint."  Id.  In upholding the dismissal, the court concluded that "the [district] court had nothing upon which to exercise its discretion" and, thus, that the court did not abuse its discretion by denying the plaintiffs' request to amend their complaint.  Id.  As the discussion supra demonstrates, Plaintiff's arguments here in support of her request to file a motion for leave to amend the Complaint are equally unavailing.

**III. CONCLUSION**

In sum, the Court considered and rejected Plaintiff's request to file a motion for leave to amend the Complaint.  In the underlying motion for which reconsideration is now sought, and to the present date, Plaintiff has not demonstrated, either by the submission of a proposed amended complaint or by proffering facts this Court overlooked, that she would be able to cure the deficiencies in her original pleading.  For these reasons, the motion for reconsideration will be denied.  The accompanying Order will be entered.


**November 16, 2005**                    **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge